IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILLIP S. GILMORE, <br> TDCJ-CID NO. 653676, <br>     Petitioner, <br> v. <br><br> RICK THALER, <br>     Respondent. | § <br> § <br> § <br> §   CIVIL ACTION NO. H-11-1282 <br> § <br> § <br> § |

ORDER

Petitioner instituted this habeas action on April 1, 2011. (Docket Entry No.1). On April 30, 2011, the Court dismissed this case without prejudice because petitioner failed to exhaust his state remedies, a fact that he conceded in his pleadings.[1] (Docket Entry No.5). The Clerk of the Court entered Final Judgment on May 2, 2011. (Docket Entry No.6).

On May 23, 2011, petitioner moved for an enlargement of time to file written objections to the Magistrate Judge's Order to Dismiss. (Docket Entry No.8). Because the District Judge dismissed the present habeas action and not the Magistrate Judge, the Court construes petitioner's Motion for an Enlargement of Time

---

[1] Petitioner filed an application for state habeas relief under article 11.01 of the Texas Code of Criminal Procedure and not an application pursuant to article 11.07 of the same code. (Docket Entry No.5). An article 11.01 writ of habeas corpus "is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. P. ANN. art. 11.01 (Vernon 2005). Article 11.07 "establishes the procedures for an application of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." Id. art. 11.07, § 1. Petitioner filed the wrong writ application to challenge his sentence and conviction under state law. Therefore, at the time petitioner filed his petition for federal habeas relief under 28 U.S.C. § 2254, he had not submitted his claims regarding his sentence and conviction to the State's highest criminal court in accordance with state procedure. See Artuz v. Bennett, 531 U.S. 4, 8 (2000).

as a motion for an extension of time to file a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A court cannot extend the time to act under Rule 59(e). FED. R. CIV. P. 6(b)(2). Therefore, to the extent that petitioner seeks an extension to file a Rule 59(e) motion, his Motion for Enlargement of Time (Docket Entry No.8) is DENIED.

On June 3, 2011, petitioner filed an Objection to the Magistrates [sic] Dismissal ("the Objection"). (Docket Entry No.9). Petitioner did not date the Objection, which was filed in this Court on June 3, 2011, four days after the deadline for filing a Rule 59(e) motion. Because the Objection is undated, the Court is unable to determine the date that petitioner submitted the Objection to prison authorities and therefore, is unable to determine whether the Objection is a timely Rule 59(e) motion to alter or amend pursuant to the mail box rule. *See* Chacon v. York, No.10-20730, 2011 WL 2899616 at *1 (5th Cir. 2011) (citing Houston v. Lack, 487 U.S. 266, 260-76 (1988)).

Nevertheless, to the extent that petitioner's Objection may be construed as a timely Rule 59(e) motion, it states nothing that would entitle petitioner to relief under Rule 59(e). Instead, Objection is a rehash of petitioner's pleadings, void of newly

discovered evidence showing that he filed an article 11.07 writ application and void of evidence showing manifest legal or factual errors. *See* Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)(noting that a Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment).[2]

Petitioner's Objection may also be construed as a motion for relief from judgment under Rule 60(b). A district court may relieve a party from final judgment under Rule 60(b) on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

Petitioner contends in his Objection that dismissal without

---

[2] Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Schiller v. Physicians Resource Grp., 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479 (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. June 26, 2000)).

prejudice was inappropriate because the State courts have made it clear that "no state corrective action is intended in this case." (Docket Entry No.9, page 2). Petitioner once again faults the state district clerk, which notified him that it had received his state application for writ of habeas corpus, for failing to transfer the application to the Texas Court of Criminal Appeals. (Id.). He also faults the state courts for failing to construe the article 11.01 writ as an article 11.07 writ application. (Id.).

Petitioner's exhibits, however, show that the Clerk of the Fourteenth Court of Appeals forwarded to the Texas Court of Criminal Appeals the appellate brief that petitioner filed from the denial of the article 11.01 habeas application. (Docket Entry No.2, page 20). Petitioner's exhibits also show that the Texas Court of Criminal Appeals informed the Clerk of the state appellate court that the document that petitioner filed was not an application for writ of habeas corpus under article 11.07. (Id.). Petitioner proffers nothing to show refute this finding.

To the extent that petitioner claims that no corrective action is intended by the state courts in this case, the Court notes that article 11.07 of the Texas Code of Criminal Procedure contains no filing deadline or limitations period. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007). Petitioner may still file a state habeas application to the extent that no such application has been filed in his convicting court; he may also file a subsequent

article 11.07 application to the extent there has been no final disposition of his initial application on a relevant claim. TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 4 (Vernon 2005); Ex parte Thomas, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997). Therefore, petitioner fails to show that he has been denied an opportunity to seek relief from his conviction and sentence in state court.

In short, petitioner fails to show any entitlement to relief under Rules 59(e) or 60(b), therefore, his Objection (Docket Entry No.9) is DENIED.

The Clerk shall provide a copy of this order to petitioner.

SIGNED at Houston, Texas, on  October 24 , 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE